UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HARRY KENNETH WAYMOTH,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN SINCLAIR,<br><br>Defendant. | NO. 4:20-CV-5224-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE |

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (ECF No. 18), Defendant's Cross Motion for Summary Judgment (ECF No. 21), and Plaintiff's Motion for Continuance and to Compel Required Documents (ECF No. 29). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**, Defendant's Cross Motion for Summary Judgment (ECF No. 21) is

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 1

**GRANTED**, Plaintiff's Motion for Continuance and to Compel Required Documents (ECF No. 29) is **DENIED**.

## BACKGROUND

Plaintiff is incarcerated in Washington State at the Coyote Ridge Corrections Center. ECF No. 9. Plaintiff challenges the facility's cross-gender pat search policy. *Id.* On November 18, 2020, proceeding *pro se* and *in forma pauperis*, Plaintiff filed his initial complaint against Defendant Washington State Department of Corrections ("DOC"). ECF No. 1. On December 23, 2020, the Court ordered Plaintiff to amend or voluntarily dismiss his complaint. ECF No. 8. On February 2, 2021, Plaintiff filed his first amended complaint against Defendants Steven Sinclair, Charlotte Headley, and Daniel Hollibaugh alleging two Counts: Count 1, cruel and unusual punishment by Hollibaugh; and Count 2, equal protection under law by all three named Defendants. ECF No. 9. On March 23, 2021, the Court dismissed Defendants Headley and Hollibaugh (thus, necessarily dismissing Count 1, which was only alleged against Hollibaugh). ECF No. 10. On May 18, 2021, Sinclair, the only remaining Defendant, answered the amended complaint. ECF No. 13.

On August 20, 2021, Plaintiff filed the present motion for summary judgment. ECF No. 18. Defendant responded and cross-moved for summary judgment. ECF No. 21. Defendant provided Plaintiff with the required notice to

*pro se* litigants to respond to the cross motion for summary judgment. ECF No. 24. Plaintiff filed a response to Defendant's motion, ECF No. 25, as well as a motion to continue to obtain certain documents, ECF No. 29. Defendant filed a response to Plaintiff's second motion to continue. ECF No. 30.

The facts alleged are straightforward and not in dispute.[1] Coyote Ridge Corrections Facility has the following DOC Policy 420.310 on routine pat searches, which serves the essential purpose of maintaining safety and security within DOC facilities. ECF No. 23 at 3, ¶ 5. The policy states:

> Pat searches will be conducted by trained employees/contract staff. Pat searches of female offenders will only be conducted by female employees/contract staff, except in emergent situations …. When a male employee/contract staff pat searches a female offender, a report will be completed in the Incident Management Reporting System (IMRS) before the end of shift. The distribution will include the PREA Coordinator.

ECF No. 18 at 1. The facility does not have a parallel policy on cross-gender searches for male offenders. *Id.*

---

[1] Plaintiff failed to submit a statement of material facts not in dispute to support his motion for summary judgment. LCivP 56(c)(1)(A). As *pro se* pleadings are construed liberally, the Court considers Plaintiff's facts asserted in the motion as well as Defendant's statement of material facts in support of the cross motion for summary judgment.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 3

1       There are nearly 15,000 male inmates incarcerated in ten DOC facilities in Washington. ECF No. 23 at 3, ¶ 6. There are just over 1,000 female inmates in two facilities. *Id.* There are no mixed-gender facilities. *Id.* To supervise these inmates, DOC employs 3,098 corrections officers, 2,498 of which are male and 600 of which are female. ECF No. 23 at 4, ¶ 7.

      Plaintiff, a male inmate, alleges he has panic attacks when he is pat searched by female officers. ECF No. 18 at 3.

## DISCUSSION

### A. Summary Judgment Standard

      The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 4

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"Courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "This rule exempts *pro se* inmates from *strict* compliance with the summary judgment rules, but it does not exempt them from *all* compliance." *Soto v. Unknown Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (emphasis in original).

**B. Equal Protection**

Plaintiff moves for summary judgment on his equal protection claim on the grounds that "the policy denying protection of cross-gender pat searches to male

offenders violates the Equal Protection" requirements of the (1) Universal Declaration of Human Rights, (2) Fourteenth Amendment of the United States Constitution and (3) Washington State Constitution Article I §§ 12, 29, Article XXXI § 1.  ECF No. 18 at 1-2.  Defendants cross-move for summary judgment on the same issue under Plaintiff's claim under the Fourteenth Amendment, seeking dismissal with prejudice.  ECF No. 21 at 5.

    1. *Applicable Law*

As an initial matter, Plaintiff's amended complaint states the cause of action: "Right to equal protection under law."  ECF No. 9 at 6.  The Court construes this as a Section 1983 claim for violation of the Fourteenth Amendment of the United States Constitution.  *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  Plaintiff alleges rights under the Universal Declaration of Human Rights and Washington State Constitution for the first time on summary judgment, with no briefing of the standards involved.  ECF No. 18 at 1-2.  The Court finds that Plaintiff has failed to state any factual allegations for claims arising under the treaty or state constitution, and determines they are irrelevant to this federal civil rights lawsuit for which this Court has jurisdiction.

    2. *Fourteenth Amendment*

Plaintiff moves for summary judgment in favor of his equal protection claim under the Fourteenth Amendment of the United States Constitution.  ECF No. 18 at

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 6

2. Defendant cross-moves for summary judgment on this claim. ECF No. 21.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Harrison v. Kernan*, 971 F.3d 1069, 1075 (9th Cir. 2020) (internal citation omitted). In order to state a Section 1983 claim based on an equal protection violation, the plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). "The first step in equal protection analysis is to identify the [defendants' asserted] classification groups." *Id.* (internal citation and quotation marks omitted). The groups must be made up of similarly situated persons. *Id.* at 1167.

The Ninth Circuit recently held that intermediate scrutiny applies to prison regulations that facially discriminate on the basis of gender, so that "such regulations are constitutional only if the government demonstrates they serve[] important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." *Harrison*, 971 F.3d at 1071 (citation and quotation marks omitted). When gender-based distinction are made by prison officials, courts should not disregard the special difficulties that arise in the prison context." *Id.* at 1079 (citation and quotation marks omitted).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 7

### 1. *Similarly Situated Individuals*

Plaintiff's motion cites to no evidence that male and female inmates are similarly situated. *See* ECF No. 18. In his reply, Plaintiff alleges he is similarly situated to female inmates because he has been the victim of sexual assault. ECF No. 26 at 3. Plaintiff also submits declarations from two inmates who identify as transgender, who were able to give a preference of an officer's gender who conducts their pat searches. ECF No. 25 at 7-8. Even taking Plaintiff's own alleged personal sexual assault history as true, the group is not similarly situated based on actual history of sexual assault – it is the propensity to disproportionately experience sexual assault that distinguishes the group. *See Laing v. Guisto*, 92 F. App'x 422, 423 (9th Cir. 2004) (citing *Jordan v. Gardner*, 986 F.2d 1521, 1526, n.5 (9th Cir. 1993) ("[B]ecause women are disproportionately victims of rape and sexual assault, women have a stronger incentive to be concerned with sexual behavior…. Men, who are rarely victims of sexual assault, may view sexual conduct in a vacuum without a full appreciation of the social setting or the underlying threat of violence that a woman may perceive."). Similarly, Plaintiff fails to demonstrate how he is similarly situated to transgender inmates.

Plaintiff's evidence is insufficient to demonstrate male inmates are similarly situated to female inmates with respect to pat searches by guards of the opposite sex. Even if Plaintiff were to establish that he is similarly situated, Plaintiff creates

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 8

no issue of material fact as whether DOC's policy is substantially related to an important government objective.

      2.   *Substantially Related Means for Important Government Objective*

"Reduction of the disparity in economic condition between men and women caused by the long history of discrimination against women has been recognized as such an important governmental objective." *Califano v. Webster*, 430 U.S. 313, 317 (1976).

Defendant asserts that the considerations for the pat search policy include weighing the rights of inmates, the institutional need for security, the employment rights of corrections officers, and the applicable state and federal laws. ECF No. 21 at 10. The vast majority of individuals incarcerated in DOC are male. *Id.* Out of the twelve DOC facilities, only two facilities exclusively house females. *Id.* at 10-11. If female officers are not able to conduct pat searches at the ten facilities housing males, employment opportunities would be "significantly diminished." *Id.* at 11. Moreover, prison resources and security would be disrupted if male officers were required to respond in place of a female officer every time a pat search of a male inmate were required. *Id.*

The Court finds there are no issues of material fact as to whether DOC's gender-based policy on pat searches substantially serves an important government interest in promoting equal employment opportunities to female officers and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 9

maintaining DOC security. *See Grummett v. Rushen*, 779 F.2d 491, 495-96 (9th Cir. 1985) ("Similarly, routine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate the fourteenth amendment because a correctional officer of the opposite gender conducts such a search. . . . [W]e are satisfied that prison official in this case have struck an acceptable balance among the inmates' privacy interests, the institution's security requirements, and the female guards' employment rights."); and *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988). Therefore, summary judgment on Plaintiff's equal protection claim is appropriate.

### C. Motion for Continuance

While the cross-summary judgments were pending, Plaintiff filed a Motion for Continuance and to Compel Required Documents, seeking "Employee Conduct Policies, DOC Standard Operating Procedures ("SOP"), and the PREA Screening Questions for Transgender Offenders." ECF No. 29 at 1.

Here, Plaintiff filed a response to Defendant's cross-motion for summary judgment and reply to his own motion. ECF No. 25. As this matter is fully briefed, there is no basis for the Court to continue this matter. Moreover, Plaintiff must go through discovery channels to obtain the documents he seeks, and Defendant represents that he has made no such request for any discovery. ECF No. 30 at 3; *See* Fed. R. Civ. P. 26, 34, 37. Plaintiff has not established that a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 10

continuance is necessary according to Fed. R. Civ. P. 56(d). Therefore, Plaintiff's motion for a continuance is denied.

### D. Revocation of In Forma Pauperis Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the full requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 18) is **DENIED**.

2. Defendant's Cross Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

3. Plaintiff's Motion for Continuance and to Compel Required Documents (ECF No. 29) is **DENIED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 11

4. Plaintiff's Equal Protection claim in violation of the Fourteenth Amendment of the United State Constitution is **DISMISSED** with prejudice.  Thus, the remainder of the First Amended Complaint is **DISMISSED** with prejudice.

5. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties, and **close** the file.

DATED October 29, 2021.



　　　　　　　　　　THOMAS O. RICE
　　　　　　　　　United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO CONTINUE ~ 12